COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-06-294-CR

 

 

BILLY LANG BELL, JR.                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








After a bench trial, the trial court found Appellant Billy Lang Bell,
Jr. guilty of possession of four or more but less than 200 grams of cocaine
with intent to deliver and sentenced him to fourteen years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In one point,
Appellant contends that the evidence is factually insufficient to support his
conviction.  Specifically, Appellant
argues that no physical evidence links him to the drugs, nothing found on his
person at the time of arrest links him to the drugs, other persons were present
when the police found the drugs, and the testimony of the police officer who
saw him throw the bag of cocaine conflicts with the testimony of other police
officers.

The evidence shows that Fort Worth police officers executed a search
warrant at a Aselling
smoke house,@ or crack
house.  Appellant was in a chair in a
bedroom.  Appellant did not appear to be
an addict or chronic drug user and did not appear to be under the influence of
drugs.  Officer Keisler testified that
when he entered the room, he saw Appellant getting out of the chair to go down
to the floor in response to a police command. 
Officer Keisler testified that Appellant=s left hand appeared to be at his waist or in a pocket.  Officer Keisler testified that he saw
Appellant=s hand come
out of the pocket or away from his waist and make a throw-back motion behind
Appellant=s body.  Officer Keisler stated that he saw a bag of
some sort that appeared to contain an off-white substance leave Appellant=s hand.  Officer Keisler saw the
bag land in the corner behind Appellant=s chair.  Of the officers who
testified, only Officer Keisler specifically noticed Appellant before his
arrest, and only Officer Keisler saw Appellant throw the bag.








The bag contained more than sixty grams of crack cocaine, a quantity
which Officer Keisler testified would not be for personal use and which had a
street value of more than $6,000.  The
officer who searched Appellant testified that Appellant had $1,278 in cash in
his pockets, including fifty-one $20 bills. Appellant testified that he did not
use cocaine, did not see drugs that evening, was not the person sitting in the
chair, lay on the ground before the police entered the bedroom, and only had
about $550 on his person when he was arrested.

Based on the appropriate standard of review,[2]
we hold that the evidence sufficiently links Appellant to the drugs and is
factually sufficient to support Appellant=s conviction.  We therefore
overrule Appellant=s sole point
and affirm the trial court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

DELIVERED:  November 1, 2007











[1]See Tex. R. App. P. 47.4.





[2]See
Watson v. State, 204 S.W.3d 404, 414B15,
417 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005); Sims
v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 8B9, 11B12 (Tex. Crim. App. 2000); Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual
sufficiency standard of review); see also Poindexter v. State, 153
S.W.3d 402, 406 (Tex. Crim. App. 2005) (discussing Aaffirmative links@ rule).